UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIEL CEPEDA,<br><br>   Petitioner,<br><br>  v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIORNIA,<br><br>   Respondent. | No.  2:14-cv-2080 AC P<br><br><br>ORDER |

  Petitioner, a former state prisoner proceeding pro se, has filed a petition for a writ of coram nobis pursuant to 28 U.S.C. § 1651.  Petitioner has paid the filing fee and has consented to the jurisdiction of the magistrate.

  I.  <u>Summary of the Petition</u>

  On August 19, 1999, petitioner "entered a plea of nolo contendere to a single count of Penal Code section 288(a) and was sentenced to six years in prison."  ECF No. 1 at 3.  Petitioner later filed a petition for habeas corpus relief in the Eastern District of California alleging that his due process rights were violated when the trial judge coerced him to change his plea from "not guilty" to "no contest."  <u>Id.</u> at 3, Exh. B at 37.  The habeas petition was granted on March 14,

////

////

1

2008.[1]  Id. at 35-41.  However, petitioner was not released from custody.  Id. at 3.  On May 5, 2008, the district attorney amended the information to include six additional counts.  Id.  Petitioner initially pleaded "not guilty," but on June 30, 2008 he "inadvertently change[d] his plea from not guilty to no contest."[2]  Id. at 4.  Petitioner appears to challenge the 2008 conviction on the grounds that the judge coerced him to change his plea.  Id.

II.     Legal Standards

Coram nobis is an extraordinary form of relief, available to challenge the validity of a conviction after the sentence has been fully served, "under circumstances compelling such action to achieve justice."  United States v. Morgan, 346 U.S. 502, 511 (1954).  The writ of coram nobis allows a court to vacate its judgment "for errors of fact . . . in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid."  United States v. Mayer, 235 U.S. 55, 69 (1914).  To qualify for coram nobis relief, a petitioner must demonstrate that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007).

The court's review of the petition indicates that petitioner seeks to challenge the validity of the judgment of conviction entered against him in the Sacramento County Superior Court.  See ECF No. 1 at 1, 11, 33.  While this court has the power to issue the writ of coram nobis, "[c]oram nobis relief is not available in federal court to attack a state court conviction."  Rothwell v. California, 2012 WL 423641, at *2 (E.D. Cal. Feb. 8, 2012) (quoting Castrillon v. Warden, No. 04-56262, 2008 WL 267335 at *1 (9th Cir. Jan. 8, 2008)).[3]  See also Madigan v. Wells, 224 F.2d

---

[1] The March 14, 2008 order attached as Exhibit B indicates that petitioner's conviction and sentence for violation of California Penal Code 288(a) were vacated.  The state was given 60 days to initiate trial proceedings against petitioner for violation of Penal Code Section 288(a).

[2] The transcript of the state court proceedings indicates that petitioner pled "no contest" to one count of Penal Code 288(a).  ECF No. 1 Exh. A at 16, 27, 33.

[3] Pursuant to Ninth Circuit Rule 36-3(b), the court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.

2

577, 578 n.2 (9th Cir. 1955) ("However, this is not a case where the sentence has been served or where the movant has not begun to serve the sentence he attacks. To hold coram nobis available in this case would also destroy the progress made by § 2255. In addition, the writ can issue, if at all, only in aid of the jurisdiction of the Texas court in which the conviction was had."); Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006) (agreeing with the Third, Fourth, Fifth, Seventh, Eighth and Tenth Circuits "that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."); Gonzales-Cervantes v. Napolitano, No. 1:10-cv-00510 MJS (HC), 2010 WL 4813564 at *2 (E.D. Cal. Nov. 19, 2010) (the district court lacks jurisdiction to entertain a petition for coram nobis relief challenging a state court conviction). Rather, "[a] writ of error coram nobis attacking the . . . conviction may only be brought in the sentencing court." United States v. Monreal, 301 F.3d 1127, 1130-31 (9th Cir. 2002). Accordingly, if petitioner believes he is entitled to coram nobis relief, he is advised to file his petition in the state court in which he suffered his conviction.

In accordance with the above, IT IS HEREBY ORDERED that:

The petition for writ of coram nobis (ECF No. 1) is dismissed without prejudice to refilling in state court.

DATED: April 30, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3